# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Sheri Diane Fishbaugher,                    Civ. No. 11-1252 (MJD/JJK)

      Plaintiff,

v.

                                 **ORDER ON MOTION**
Michael J. Astrue,                          **FOR ATTORNEY'S FEES**

      Defendant.

Fay E. Fishman, Esq., Peterson & Fishman, counsel for Plaintiff.

David W. Fuller, Esq., Assistant United States Attorney, counsel for Defendant.

      This matter is before the Court on Plaintiff's Petition for Attorney's Fees. (Doc. No. 25.)  Plaintiff petitions for $8,405.01 in attorney's fees under the Equal Access to Justice Act (the "EAJA").[1]  *See* 28 U.S.C. § 2412(d).  Defendant (the "Commissioner" or the "Government") does not contest that Plaintiff is the prevailing party in this case or that its position was not substantially justified. Instead, it objects to the petition only on the grounds that Plaintiff's request for fees should be reduced because they are excessive.  For the reasons stated below, the Court grants Plaintiff's petition.

---

[1]      This fee request includes attorney hours expended on the present petition for attorney's fees under the EAJA.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on March 20, 2007, alleging a disability onset date of December 30, 2003.  (Doc. No. 18, 6/11/12 R&R at 2.)  The Social Security Administration denied her application both initially and on reconsideration.  (*Id.*)  After an administrative hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision, finding Plaintiff not eligible for disability insurance benefits.  (*Id.*)  The ALJ concluded that Plaintiff was not disabled and retained the residual functional capacity ("RFC") to perform all functional aspects of sedentary work as defined in 20 C.F.R. § 404.1567(a), except for certain limitations.  (*Id.* at 26–27.)  The ALJ also concluded that Plaintiff could not perform her past relevant work as a farmer, but that other jobs existed in significant numbers in the national economy that Plaintiff could have performed.  (*Id.* at 27.)

After the Appeals Counsel denied review, Plaintiff filed a civil action with this Court seeking review of the Commissioner's final decision.  (Doc. No. 1.)  In accordance with the Local Rules, Plaintiff filed a motion for summary judgment, and in response, Defendant filed a motion to remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. Nos. 8, 14).  Plaintiff opposed a remand for further proceedings and sought reversal for an award of benefits.  (Doc. No. 16.)  On June 11, 2012, the undersigned issued a Report and Recommendation, recommending that the District Court deny Defendant's motion, grant Plaintiff's motion, and remand the case pursuant to sentence four

of 42 U.S.C. § 405(g), for reversal and award of benefits.  (6/11/12 R&R at 38.)

Defendant did not object to the Report and Recommendation.  (Doc. No. 21.)

On June 25, 2012, the District Court adopted the Report and Recommendation in

an Order, and the Clerk entered Judgment the following day.  (Doc. Nos. 22, 23.)

Plaintiff now requests an award of attorney's fees under the EAJA.

## DISCUSSION

## I.    Legal Standard for Fees under the EAJA

The Supreme Court has held that a judgment granting remand is a final

judgment for which fees may be granted.  *Shalala v. Schaefer*, 509 U.S. 292,

301–02 (1993).  The EAJA allows an award of attorney's fees to the prevailing

party in adversarial adjudications where the position of the United States was not

substantially justified.  The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United
> States fees and other expenses . . . incurred by that party in any civil
> action (other than cases sounding in tort) . . . brought by or against
> the United States . . . unless the court finds that the position of the
> United States was substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  An application for fees and other expenses under the

EAJA must include: (1) proof that the plaintiff was worth less than two million

dollars at the time the civil action was filed; (2) a statement of the amount sought;

(3) an itemized statement of the actual time spent by the attorney on the case;

(4) a statement of the rate at which fees and other expenses have been

computed; and (5) an allegation that the position of the United States was not

substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(B).  Plaintiff has complied with these requirements in the documents supporting her petition.

## II.   Analysis

The EAJA allows prevailing plaintiffs to collect fees and other expenses in cases against the United States in which the government's position was not substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(A).  Defendant does not dispute that Plaintiff is the prevailing party in this case.  The Commissioner bears the burden of proving that the denial of benefits was "substantially justified."  *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).  Here, the Commissioner presents no argument that his position was substantially justified, and, thus, has not met his burden of showing substantial justification.  Accordingly, Plaintiff is entitled to an award of attorney's fees under the EAJA.

The Commissioner disputes the amount of attorney's fees that should be awarded.  He contends that the hourly rate applied by Plaintiff is unreasonable, and the number of hours worked by Plaintiff's counsel was excessive. Specifically, the Commissioner argues that Plaintiff has not explained an adequate basis for an hourly rate of $175.47, and, therefore, the statutory rate of $125.00 should apply.  The Commissioner also argues that the time expended by Plaintiff's counsel in the case was excessive because some of the time entries were for clerical tasks and receiving court documents, and because Plaintiff's counsel has many years of experience in Social Security disability practice, thus inferring that the work should have been done in less time.  Plaintiff first contends

4

that an hourly rate of $175.47 is reasonable based on calculations from data

provided by the Bureau of Labor Statistics and applying the current United States

Department of Labor Consumer Price Index for the Midwest Urban Area to the

$125.00 hourly rate provided by the EAJA.  Plaintiff also asserts that the full

amount of time that counsel recorded in this case was justified because counsel

was required to review all documents filed and received in the case, the case

required review of the approximately 640-page record, and a detailed outline of

the facts and medical treatment was necessary, along with a proper legal

argument.  Plaintiff asserts that no time spent on performing clerical tasks is

being requested.  And Plaintiff cites to several Social Security cases where

courts approved a similar rate and where more time expended was found to be

reasonable.

　　　Fees awarded pursuant to a fee-shifting statute must be reasonable.

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Dini v. Astrue*, No. 08-5852

(DSD/JJG), 2010 WL 153681, at *3 (D. Minn. Jan. 11, 2010) ("[F]ees and other

expenses includes . . . reasonable attorney fees . . . based on prevailing market

rates for the kind and quality of the services furnished . . .") (quoting 28 U.S.C.

§ 2412(d)(2)(A)) (quotations omitted).  Plaintiff requests a fee award in the

amount of $8,405.01, calculated at the rate of $175.47 per hour for 47.9 hours of

legal representation.  The Court has reviewed Plaintiff's counsel's itemized time

records for the work performed and finds that the hours billed, the hourly rate

requested, and the legal work performed by Plaintiff's counsel, are not excessive

or unreasonable.  *See Vossen v. Astrue*, No. 07-1567 (PAM/LIB), Doc. No. 58 at

7 (D. Minn. Mar. 15, 2011) (stating that "Social Security cases by their very

nature require extensive review of the administrative record, which in this case

was over 400 pages long" and recommending that Plaintiff receive

reimbursement for the full 88.75 hours his attorneys spent on the case, which

totaled $16,226.86), *adopted by*, 2011 WL 1322099 (D. Minn. Apr. 7, 2011).

Contrary to the Commissioner's assertions, the record here does not suggest

that Plaintiff's counsel spent an unreasonable amount of time managing the case

or writing and revising the briefs.  "A lawyer should be commended, not criticized,

because she seeks to improve her work product by making revisions to her initial

draft. This is an essential element of a lawyer's craft."  *Kromer v. Astrue*, No. 08-

5181 (PAM/AJB), 2009 WL 3152039, at *3 n.6 (D. Minn. Sept. 24, 2009) (quoting

*White v. Apfel*, No. 99-523, 2000 WL 106700, at *3 (N.D. Ill. 2000)).  Accordingly,

the Court grants Plaintiff's petition in the full amount requested.

## CONCLUSION

Based on the file, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1.      Plaintiff's Petition for Attorney's Fees (Doc. Nos. 25), is **GRANTED**;

and

    2.     The Government is ordered to pay Plaintiff $8,405.01 in EAJA attorney's fees.

Date: October 3, 2012        _s/Jeffrey J. Keyes_
                                    JEFFREY J. KEYES
                                    United States Magistrate Judge